IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK J. CONLEY and SUSAN B. CONLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON CORPORATION; BANK OF AMERICA, N.A.; JOHN DOES 1–10; JANE DOES 1–10; DOE PARTNERSHIPS 1–10; DOE CORPORATIONS 1–10; and DOE ENTITIES 1–10, <br><br> Defendants. | CV. NO. 11-00582 DAE-BMK |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) GRANTING LEAVE TO AMEND; AND (3) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' Motion and the supporting and opposing memoranda, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend (Doc. # 7).

BACKGROUND

On September 23, 2011, Plaintiffs Mark J. Conley and Susan B. Conley (collectively, "Plaintiffs") filed a Complaint against Defendants The Bank

of New York Mellon Corporation ("BONY") and Bank of America N.A. ("BANA") (collectively, "Defendants"), as well as John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe Entities 1–10. ("Compl.," Doc # 1.)  The Complaint alleges the following claims:  Count I – Violation of the Truth in Lending Act (Compl. ¶¶ 14–22); Count II – Unconscionability (id. ¶¶ 23–26).

According to the Complaint, Plaintiffs obtained two loans from Countrywide Home Loans Inc. that were secured by real property located at 72 Kahana Ridge Dr., Lahaina, Hawaii 96761.  (Id. ¶ 8.)  The mortgages were recorded on January 14, 2005.  (Id. ¶ 15.)  Plaintiffs assert that BANA is the servicer of the first and second mortgages.  (Id. ¶ 9.)  According to the Complaint, BONY became the new lender for the first mortgage "between the establishment with Countrywide Home Loans, Inc. in 2005 and September 8, 2010."  (Id. ¶ 16.)  BONY became the new lender for the second mortgage "between the establishment with Countrywide Home Loans, Inc. in 2005 and September 23, 2010."  (Id. ¶ 17.)  The Complaint alleges that Plaintiffs were never notified of BONY's assignment of the mortgages.  (Id. ¶ 18.)  The Complaint also alleges that BANA would "preempt [Plaintiffs'] right to buy property insurance for the Property by setting up

an escrow account and charging far in excess over the market value for said insurance." (Id. ¶ 24.)

On November 8, 2011, Defendants filed the instant Motion to Dismiss. (Doc. # 7.) On January 19, 2012, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition"). ("Opp'n," Doc. # 14.) On January 27, 2012, Defendants filed a Reply. ("Reply," Doc. # 15.)

STANDARD OF REVIEW

I.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ( "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F .3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ( "Something labeled a complaint but written ..., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a

complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotations omitted). "The propriety of

dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

DISCUSSION

I. Count I: Truth in Lending Act

Count I of the Complaint alleges that Plaintiffs were not notified of BONY's assignment of their first and second mortgages. Specifically, the Complaint alleges that BONY violated Regulation Z Section 131(g) of the Truth in Lending Act ("TILA") by failing to provide Plaintiffs with their identity as the new creditor, the date of transfer, the contact information of their agent, and where the transfer document was recorded. (Compl. ¶¶ 18–20.) Plaintiffs assert that BONY is therefore liable for "any actual damage sustained by [Plaintiffs] as a result of the

failure" to disclose, which includes "attorneys fees and costs, all punitive damages and consequential damages" totaling more than $75,000.[1]  (Id. ¶¶ 21–22.)

Section 131(g), codified at 15 U.S.C. § 1641(g), states that if a "mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within thirty days.  15 U.S.C. § 1641(g).  Failure to comply with this provision can result in civil liability for "any actual damage sustained by such person as a result of the failure[.]" 15 U.S.C. § 1640(a)(1).  "[I]n the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." Id. § 1640(a)(2)(A)(i), (iv).  In order to state a TILA claim for actual damages, a plaintiff must demonstrate detrimental reliance upon an inaccurate or incomplete disclosure. Gold Country Lenders v. Smith, 289 F.3d 1155, 1157 (9th Cir. 2002); see also In re Ferrell, 358 B.R. 777, 790 (9th Cir. BAP 2006) ("The Ninth circuit has adopted the majority rule that 'detrimental reliance' must be demonstrated in order to recover actual damages for a TILA disclosure violation.").

---

[1] Plaintiffs state in their Opposition that they do not allege a TILA rescission claim.  (Opp'n at 6.)

Here, Plaintiffs have not alleged any facts demonstrating or supporting the inference that they relied to their detriment on the lack of TILA disclosures nor have they alleged any actual damages or finance charges related to BONY's alleged TILA violation.[2] Thus, their TILA claim for actual damages fails. See Borowiec v. Deutsche Bank Nat. Trust Co., 2011 WL 2940489, at *3 (D. Haw. July 19, 2011) ("Plaintiff here has not demonstrated any actual damages related to Deutsche's failure to provide the notice of assignment required under Section 1641(g), thus Plaintiff fails to state a claim under TILA."); Byrd v. Guild Mortg. Co., 2011 WL 6736049, at *5 (S.D. Cal. Dec. 20, 2011) (same).

Accordingly, the Court **GRANTS** Defendants' Motion as to Count I.

---

[2] Plaintiffs appear to attempt to amend their Complaint by stating in their Opposition that if they "had not detrimentally relied on this lack of disclosure, they would have secured a better interest rate elsewhere or foregone the loan completely." However, Plaintiffs may not amend their Complaint in this fashion. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . . .") (citations omitted); Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994) (finding that for purposes of a motion to dismiss, the court's review is limited to the contents of the complaint). Moreover, such an allegation is vague as it does not indicate why notice of assignment would trigger a need or desire to obtain a better interest rate; it is also unclear how notice would prompt Plaintiffs to "forego[ ] the loan."

II.     Count II: Unconscionability

In Count II, Plaintiffs allege that BANA "would preempt [Plaintiffs'] right to buy property insurance for the Property by setting up an escrow account and charging far in excess over the market value for said insurance." (Compl. ¶ 24.) Plaintiffs further allege that "Section 5 of the Uniform Covenants of the 1st Mortgage and Section 4 of the Uniform Covenants of the 2nd Mortgage are unconscionable by any standard and certainly shocks the conscious [sic] of any reasonable person."[3] (Id. ¶ 25.) Plaintiffs seek a "refund and credit of this unconscionable rate of insurance" along with punitive and consequential damages. (Id. ¶ 26.)

"Unconscionability" is generally a defense to the enforcement of a contract and is not a proper claim for affirmative relief. See, e.g., Gaitan v. Mortg.

---

[3] Section 5 of the first mortgage and section 4 of the second mortgage provide, inter alia, that the borrower shall insure the property and that if borrower fails to maintain property insurance coverage, the lender may obtain insurance coverage at lender's option. (Doc. # 1 Ex. 1 & Ex. 2.) Plaintiffs attached as exhibits to their Complaint copies of the subject mortgages. "When ruling on a motion to dismiss, [courts] may 'generally consider [ ] allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (quoting Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007)). Accordingly, it is appropriate for the Court to consider these documents when ruling on the Motion to Dismiss.

Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."). To the extent that unconscionability can be affirmatively raised as part of an independent cause of action, such a claim is asserted to prevent the enforcement of a contract where "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

The Court finds that Plaintiffs fail to state a claim. First, Plaintiffs' claim is insufficiently pled. Plaintiffs allege that BANA "would preempt" Plaintiffs' ability to buy property insurance[4] but fail to state whether Plaintiffs attempted to buy their own insurance, whether Defendants actually procured insurance on the property, or what the "unconscionable rate of insurance" and market rate for such insurance was. Plaintiffs' allegation that the provisions of the

---

[4] The Court notes that to the extent that Plaintiffs are alleging that Defendants' actions are unconscionable, courts in this district have rejected unconscionability claims that challenge only conduct and not any specific contractual term. See, e.g., Marzan v. Bank of Am., 779 F. Supp. 2d 1140, 1154–55 (D. Haw. 2011); Enriquez v. Countrywide Home Loans, FSB, —F. Supp. 2d. —, 2011 WL 3861402, at *23 (D. Haw. Aug. 31, 2011).

mortgage contracts are unconscionable is also a bare conclusory assertion; Plaintiffs fail to state how or why the provisions are so one-sided as to be unconscionable.

Second, to the extent that Plaintiffs allege that the lender's option to obtain property insurance if Plaintiffs failed to do so is unconscionable regardless of whether the lender attempted to insure the property, such a theory fails. Section 5 of the first mortgage and Section 4 of the second mortgage places responsibility on Plaintiffs, as borrower, to secure property insurance and grants them the opportunity to do so. Therefore, the lender's option to secure insurance would never arise if Plaintiffs insured the property.[5]

Accordingly, the Court **GRANTS** Defendants' Motion as to Count II.

III.   Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir.

---

[5] Because the Court finds that Plaintiffs fail to state a viable unconscionability claim, the Court need not reach Defendants' argument that Defendants cannot be liable because they were not a party to the original mortgages.

2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props., 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props., 866 F.2d at 1160).

Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE with leave to amend. Plaintiffs are granted leave to amend no later than thirty (30) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies may result in dismissal of this action with prejudice. Plaintiffs are advised that the amended complaint must clearly identify the specific causes of action alleged and the factual allegations upon which those claims are based.

CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. # 7), and **GRANTS** Plaintiffs leave to amend. The hearing set for this matter is hereby **VACATED**.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 7, 2012.

David Alan Ezra
United States District Judge

Conley v. The Bank of New York Mellon Corp. et al., Cv. No. 11-00582 DAE-BMK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) GRANTING LEAVE TO AMEND; AND (3) VACATING THE HEARING