IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK J. CONLEY and SUSAN B. CONLEY, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>BANK OF NEW YORK MELLON CORPORATION; BANK OF AMERICA, N.A.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, <br><br>　　　　Defendants. | CV. NO.  11-00582 DAE-BMK |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
<u>RECOMMENDATIONS</u>

On May 9, 2012, Magistrate Judge Barry M. Kurren issued the instant Findings and Recommendation, to which no objections have been filed.  After reviewing the record, the Court adopts the Magistrate Judge's Findings and Recommendation.  (Doc. # 17.)

On September 23, 2011, Plaintiffs Mark J. Conley and Susan B. Conley (collectively, "Plaintiffs") filed a Complaint against Defendants The Bank of New York Mellon Corporation ("BONY") and Bank of America N.A.

("BANA") (collectively, "Defendants"), as well as John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Entities 1-10 ("Compl.," Doc #1.)

Plaintiffs alleged two causes of action in the Complaint:

- Count I: "Violation of the Truth in Lending Act" (Id. ¶¶ 14–22.)
- Count II: Unconscionability (Id. ¶¶ 23–26.)

According to the Complaint, Plaintiffs obtained two loans from Countrywide Home Loans Inc. that were secured by real property located at 72 Kahana Ridge Dr., Lahaina, Hawaii 96761. (Id. ¶ 8.) Plaintiffs assert that BANA is the servicer of the first and second mortgages and that BONY became the new lender for the first mortgage "between the establishment with Countrywide Home Loans, Inc. in 2005 and September 8, 2010." (Id. ¶¶ 9, 16.) Plaintiffs further assert that BONY became the new lender for the second mortgage "between the establishment with Countrywide Home Loans, Inc. in 2005 and September 23, 2010." (Id. ¶ 17.) The Complaint alleges that Plaintiffs were never notified of BONY's assignment of the mortgages. (Id. ¶ 18.) The Complaint also alleges that BANA would "preempt [Plaintiffs'] right to buy property insurance for the Property by setting up an escrow account and charging far in excess over the market value for said insurance." (Id. ¶ 24.)

2

On November 8, 2011, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. (Doc. #7)  On January 19, 2012, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss. (Doc. # 14.)  On January 27, 2012, Defendants filed a Reply. (Doc. # 15.)  On February 7, 2012, the Court issued an Order:  (1) Granting Defendants' Motion to Dismiss; (2) Granting Leave to Amend; and (3) Vacating the Hearing. (Doc. # 16.)  The Court advised Plaintiff as follows:

> Plaintiffs are granted leave to amend no later than thirty (30) days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies may result in dismissal of this action with prejudice.  Plaintiffs are advised that the amended complaint must clearly identify the specific causes of action alleged and the factual allegations upon which those claims are based.

(Id. at 13.)  On May 9, 2012, Magistrate Judge Kurren issued the instant Findings and Recommendation to dismiss the action because Plaintiffs have not filed an amended complaint. (Doc. # 17.)  To date, Plaintiffs have not filed an amended complaint nor taken further action in these proceedings.

DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

3

Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to <u>sua sponte</u> dismiss actions for failure to prosecute or for failure to comply with court orders.  See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.  <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  <u>Id.</u> at 642 (citing <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.     <u>Expeditious Resolution and Need to Manage Docket</u>

The Court informed Plaintiffs that they had to file an amended

complaint no later than thirty (30) days from the filing of the February 7, 2012 Court Order.  (See Doc. # 16 at 13.)  Plaintiffs' failure to amend their complaint hinders the Court's ability to move this case forward and indicates that Plaintiffs do not intend to prosecute this action.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  This factor plainly favors dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action.  See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).  Plaintiffs offer no excuse or explanation for their failure to file an amended complaint.  When a party offers no excuse for failing to comply with a court's order, the risk of prejudice to the opposing party weighs in favor of dismissal.  See Yourish, 191 F.3d at 991–92.

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal.  Although Plaintiffs had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiffs leave to amend their Complaint.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)  ("The district court

need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiffs have given this Court no indication that they intend to pursue this action. In fact, to date Plaintiffs have taken no further action in these proceedings. This Court has attempted to explore "possible and meaningful alternatives to dismissal." Id. Plaintiffs have been non-responsive and noncompliant with respect to these alternatives. Given Plaintiffs' failure to amend their complaint and pursue this action, there is no appropriate alternative to dismissal.

IV.   Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is, however, a plaintiff's responsibility to move towards disposition at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have failed to discharge this responsibility despite the Court's order to the contrary. Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

CONCLUSION

For these reasons, the Court adopts the Magistrate Judge's Findings

and Recommendation to Dismiss Plaintiffs' Action. The Clerk of the Court is directed to close this case.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawaii, June 6, 2012.



_____
David Alan Ezra
United States District Judge

Conley v. Bank of New York Mellon Corp. et al., Cv. No. 11-00582 DAE-BMK; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS